The next case on the calendar is United States v. Browder. Thank you. May it please the Court, my name is Peter Tomeo and I represent Brian Browder, the appellant in this case. Your Honor, this is a case where the issue is whether the District violated the terms of his supervisory lease, specifically the term of the mental health intervention condition. In this case, Your Honor, Mr. Browder had presented himself for evaluation by the mental health provider selected by the Probation Department and agreed to be interviewed. In fact, he was interviewed on three occasions. He was prepared to participate in the program, but the program refused to admit him. And they refused to admit him because he would not admit or state that he had obtained child pornography for sexual gratification. He admitted and he had pled guilty, was sentenced to possession of child pornography. The point of the issue was whether he had had it for sexual gratification. And the record showed and the District Judge noted that Mr. Browder had a compulsive behavior of collecting materials and that the Court said, look, he obtained this for some sort of gratification, but he The crime that he had been convicted of did not require, did not require that his possession of the materials have been for sexual gratification. That is correct, Judge. He, in fact, there was a different section they could have charged him with, which would have had that element. They didn't. He wasn't charged under that section. Your position is he had no, there was no legal obligation of any kind on him to say I had the material for sexual gratification. Exactly, Your Honor. And he did. I'm not sure the point. I mean, there was the questioning that went on in the district court at the violation proceeding, and the witness from the facility that he was not admitted to said that there was no need to say that there was sexual arousal in looking at the pornography. All he had to say was, I'd just like to look at it. Well, Your Honor, if you're referring to the section in the questioning that the judge spoke to and quoted in his decision, which I believe is on page, no, I don't have it. I'm looking at Appendix 165-66. If I may, Your Honor. The district court made some inquiries. They did, but the If I tell you that I, and I'll just tell you what I'm looking at, and you can explain it to me, if I tell you that I have looked at child pornography, but that I'm not aroused by it, I'd just like to look at it. Do I qualify? And he's asking about qualify for the program. Yes. So all I have to admit is that I intentionally viewed child pornography correct. So the district court made an inquiry to make sure that the program, the person from the program was saying that if he admitted just to intentionally looking at it, he would have been admitted to the program. But he did admit to looking at it, and he wasn't admitted to the program. The section that I'm looking at, I'm sorry. He wouldn't admit it to them. He wouldn't admit possession. Well, he did ultimately admit possession to them, Your Honor. He admitted pleading that he had it. And the question that I was looking at All right. What we're all hearing is whether he violated his condition by not participating in treatment. His response was, well, they wouldn't admit me. The response of probation is they wouldn't admit him because he wouldn't admit that he possessed, intentionally possessed the pornography. And I thought your response to that was, no, no. They wanted him to admit that he possessed it for purposes of arousal. Yes, Your Honor. And a page of But so let's go back. Now we're pointing you to parts of the record where the facility witness said he didn't have to admit arousal. He only had to admit possession. And the record shows that he didn't admit possession. But, Your Honor, that point that the district judge focused on was on page 170 of the appendix, where the judge says, let me ask this. So if Mr. Browder left here today and went to your office and said, yes, I intentionally viewed child pornography, didn't say it was for sexual purposes, but said I intentionally viewed child pornography, would you admit him to your program? She answers yes. The critical term here, Your Honor, is today. This was proceedings that took place over an extended period of time. There were hearings that started back in One second, Your Honor. They began back in the summer of 2016, and one completed to February of 2017. There were two rounds. And during that period of time, this representative of the provider was educated. But at the beginning point, she is definitely saying he would not be admitted because he would not admit that he possessed pornography for sexual gratification, Your Honor. And at this point, and I'm pointing to A103 of the record. And he says, what was your decision? What would you have said to him? That he did not meet the criteria for treatment. Where are you on the page? I'm on 103 at line 19 through 22. I'm looking for the language in which she said that at the time, it had to have been for sexual gratification. Well, she uses the term sexually deviant behavior. Well, that doesn't necessarily mean for arousal purposes. It's the unlawful possession of the child pornography. Is that what you're relying on, that because he denied any sexually deviant behavior? That's your statement that's undisputed, isn't it, that your client denied, at the time he was being questioned for the program, he denied ever intentionally seeking out child pornography. He suggested he had, if he had possession of it, it was unintentional, and that he planned to challenge his underlying conviction. Those are the statements he was making at the time he was being considered for admission to the program. Did I miss something? No, no, you didn't. And he did, in fact, have a 2255 petition pending at that entire point in time. Right, but the point is, that's why he wasn't admitted, and the condition was that he participate in the program. He had made these admissions at the time of his plea and, indeed, at the time of his sentence. That's correct, Your Honor, that he possessed the child pornography. But he couldn't. Of course, he pled guilty. He couldn't possess it if he possessed it by accident. It was unintentional. All right. Go ahead. Let me let you make your argument. Well, Your Honor, my argument was that he was compliant with the terms of his post-release supervision at this point in time, and that he was not accepted into the program because he was denying that he had it for a sexual purpose, particularly, and the issue was whether or not there was sexual gratification. And that he denied having the The woman from the program was all over the place in her testimony. She testified numerous different ways. At times, she said he had to admit that he possessed it for deviant sexual purposes. At times, she said he had to admit that he, in order to be admitted into the program, he had to admit that he viewed it for purposes of sexual arousal. At one point, she said that he had to admit that he viewed, but none of that, not even viewed, is part of the charge that he pleaded guilty to. That's correct. The charge that he pleaded guilty to is simply that he possessed child pornography. And I don't understand, and I don't think that she, I don't think she ever said that she would have admitted him merely for acknowledgment of possession or that there was evidence that she presented that question to him. Do you admit that you possess, possess child pornography? At the time that she was interviewing, she did not. She did not. I think it's very clear that she wouldn't have it, that she wasn't admitting him because he would not admit that he had it for a sexually deviant reason. The closest she came, I think, to what was within the terms of what, of the crime, was requiring to admit that he viewed it. And the judge said something to the effect, well, how would he know that it was child pornography if he hadn't viewed it? Which is not a logical proposition because one can know from other sources. One can know because it's been represented to you by someone else that this is child pornography. Someone has told you it's child pornography. One can possess it, possess child pornography, and know that one possesses child pornography without viewing it. So I don't really understand, I don't understand how there was a legitimate basis, how it was a legitimate basis for saying it was his fault that he wasn't admitted to the program because he refused to admit something that he was compelled by law to admit in this circumstance. Thank you, Your Honor. And that really states my argument. Am I not correct that the woman, Laxall, is that her name? Coxall. Coxall. That I don't think she ever said I would have admitted him if he acknowledged possession of child pornography. The only time she said that was at the very end of her questioning by judge, by the district judge. But it wasn't, but you're saying, yes, if you do it, if he went out today, would you admit him today, not back at the time that she conducted the interview? And the evidence, it seems to me, rather strongly shows that the reason that she in fact didn't admit him was his refusal to acknowledge that he possessed it for purposes of sexual arousal or to acknowledge that he possessed it for deviant, some kind of deviant sexual purpose, none of which was within the statute. And to go to Judge Radji's point, on page A89 on direct examination, she's questioned by the prosecutor and he asks, what is your understanding of the term sexually deviant behavior? And she responds, it's an illegal sexual behavior that someone engaged in for sexual purposes in order to please themselves. So, Your Honor, I believe that's sexual gratification, and she's saying, she's equating sexual deviant behavior with sexual gratification. All right. But there's no doubt here that your client was not even admitting intentional possession, right? Ultimately, he did, but not at the beginning. He went through three interviews. When he was being considered for admission to this program, he would not admit intentional possession, correct? There was a point in time in which he would not admit it. Where did he admit it? Before they rejected him, where did he admit it? Your Honor, I don't have that page reference at this moment. Maybe before, when you come back for rebuttal. When I come back for rebuttal. Because my concern is, you can say that he wouldn't have been admitted even if he had acknowledged intentional possession, but he couldn't satisfy, he refused to satisfy even that threshold requirement, right? I understand your point. And the question by the district court is whether he's in good faith complying with the requirement that he participate in treatment. And there's no doubt that even if he wouldn't have been admitted unless he said it was deviant or sexual gratification, he certainly wasn't going to be admitted if he didn't say that he intentionally possessed the pornography, right? That is correct. So if he never did that, how would it have been clearly erroneous for the district court to find that he was not in good faith compliance with the conditions of his probation, of his supervision? I understand your point, Your Honor, but I believe he did admit it, and I'll give you that. If I overlooked it, I want to make sure I see it. I appreciate that. Thank you. He admitted it. He admitted it in the course of his interviews with the interviews on the question of whether he would be admitted to the program? That's what I believe, and I'm going to look for that page reference. He certainly admitted it during his guilty plea. I understand the problem is whether he was withdrawing that admission to the program. Okay. Thank you. Thank you. May it please the Court. Douglas Penrose on behalf of the United States. I'll pick up where defense counsel left off. Mr. Browder did plead guilty to knowing possession of child pornography during his plea colloquy, and there's further evidence that that possession was, in fact, knowing, indeed, that he sought out child pornography during the sentencing hearing and in his sentencing submission. He did not, at any point while being evaluated by the counselor, admit to knowing possession. And he repeatedly stated that he had not had he had never engaged in knowing possession of child pornography. That's correct. And I would point the Court specifically to several references in the record. First, as context, what the counselor said that she was doing when she was evaluating the defendant is, and I quote, they were charged with something and they pled to something, but are they saying that they actually did it? And that's at Appendix page 85. Following on that, the counselor stated, and I quote, stated he never intentionally sought out child pornography. Now, that alone is inconsistent with what he stated at sentencing. All that he admitted, and this is at Appendix page 104, is that he was charged with the offense. There maybe is an inference that can be drawn that he admitted it. My question, sir, is why was he compelled to admit anything more than the crime he was charged with? And, Your Honor, I don't think he was. I think he needed to admit knowing possession of child pornography. Well, here, at the closest, I don't think you deny that numerous times during the arousal, or he needed to admit deviant sexual conduct in connection with his offense, and numerous times she said that it was his failure to do those things that led to his exclusion. Then she came closer and closer, prodding by the court, and finally, I believe, the closest she came is at 170, where the court says to her, and I'm at 170, line 20. So let me ask this. If Mr. Browder left here today and went to your office and said, yes, I intentionally viewed child pornography, didn't say it was for sexual purposes, but said I intentionally viewed child pornography, would you admit him to the program, to which he said yes?  I don't think there's any point at which he said he would be admitted if he merely admitted possession of child pornography. The closest she came is he had to admit viewed, and that's not an element of the offense. So why is that – why is he chargeable? Why is he compelled to say that he viewed it if that's not an element of the offense? And, again, I don't think he was compelled to. If I might, with the beginning of your question about the terminology that was used, there's a single instance where the counselor references sexual arousal and then later disavows it, or at least broadens it, but she does use the term sexually deviant behavior, illegal sexual behavior, and I would agree with Your Honor that the terminology is not consistent throughout or precise throughout. However, on – It's very inconsistent. It is not consistent. I agree with Your Honor, but I would point the Court to several instances where the district court cut through all of this. So the first instance is during the hearings that took place in July, and this is at Supplemental Appendix, page 73. And the Court asked, does the charge – Sorry. Give me your paper. Supplemental Appendix, page 73. Okay. Thank you. Does the charge, knowing possession of child pornography, constitute sexually deviant behavior? That was a question posed by the district court, to which the counselor answered yes. Then again, and this is now during the hearings the following year, in 2017, at Appendix, page 165, the Court asks if looking at – asks whether looking at child pornography is enough. Again, the counselor says yes. And at this point, she also draws a distinction between what's necessary for admission and what constitutes sexually deviant behavior, implying perhaps that the criteria for admission is perhaps lower. And then she reiterates this, again, not in response to questioning from the Court, but in fact on cross-examination, and this is Appendix, page 169, carrying over into Appendix, page 170. And then finally, again, she's questioned by the Court, and this is the Court that Your Honor referenced earlier. If I walk out of here today and look at child pornography, is that enough? Later, when the Court is making its findings, the Court does say, how do you knowingly – not unintentionally, not accidentally – how do you knowingly possess something without looking at it? So the Court, at least, is not only has he – has the Court directly asked whether possession is enough, to which the counselor says yes, the Court has also directly asked whether – Breyer, where does it say possession is enough? This is, again, going back to Supplemental Appendix, page 73, the July hearings. And that's – I'm sorry, what line is that? What you're saying is that she said possession of child pornography is sexually deviant behavior?  That's – I mean, so you're saying all she meant by sexually deviant behavior, she asked him, do you admit sexually deviant behavior? And he said no. And then later – and that barred him. But later she says, well, sexually deviant behavior is possession of child pornography. Knowing possession. Knowing possession. Correct. And Your Honor, the line reference is – But, I mean, first of all, that really doesn't make sense. I would acknowledge that in the vast majority of cases of people who knowingly possess child pornography, that involves sexuality on their part. But there are instances, it is possible to knowingly possess child pornography without having any kind of sexual motivation at all, other than perhaps to study it. I mean, there are people who are lawyers, lawyers who possess it because they represent clients whose cases involve it. There are people who are sociologists. There are psychiatrists who study these things for medical purposes. And to say that knowing possession of child pornography necessarily is sexual deviation is simply – doesn't hold any water. But even if it did, all she's talking about is when I said to him, you had to – do you admit to sexually deviant behavior? What I really meant is, do you admit to possessing child pornography? Because they're one and the same as far as I'm concerned. Your Honor, two points in that regard. Your Honor is correct that you can knowingly possess child pornography without there being a sexual component, any number of reasons. And you can knowingly possess it without having looked at it. I suppose that is true. If you go to a – I mean, let's say somebody in your office wants to make a study of child pornography cases and comes to you and says, do you have any exhibits from cases that you have of child pornography? Can you lend them to me so I can study them? And you give him files from this case. That person then knowingly has possession of child pornography, may never have looked at it, may return it to you later without ever having opened it, but for a time possesses child pornography without having looked at it. And, Your Honor, again, the defendant admitted that he collected child pornography and, indeed, at the sentencing, the district court, because one of the explanations that was proffered was an obsessive need to collect things regardless of what they are, and the sentencing court rejected this and said that, and I quote, and this is at page – Government Appendix, page 57, that the defendant was using child pornography and child erotica to satisfy a prurient interest that went beyond the so-called urge to collect. Sotomayor, I understand that. I mean, I have – it's just that, you know, everybody hates people who are involved with child pornography, but it still seems to me that the law is the law and you have to have appropriate legal reasons to inflict punishment on people. And to the fact that this person, he was lying. If he – I have no problem with the fact that he was probably lying in these answers that he gave, and in part he's arguing now, acknowledging in a way that he was, because he had a petition to overturn his conviction pending. But nonetheless, I don't see that there's any record here that shows that he was rejected from the program because of his refusal to acknowledge something which he was compelled to acknowledge because he was convicted of this offense. All that would be would be knowing possession of child pornography. And I don't think you can – I mean, I would be interested, if you can point to it, I might stand corrected. But I don't think this record shows that this person, who was the gatekeeper to admission to the program, that in fact it can be derived from this record that he was not admitted to the program because of refusal to admit that he possessed child pornography. Because of the way she described it again and again, she put these different questions to him that were going beyond what was in the charge, and the closest she came to acknowledging that she would admit him on a proper basis was when she said at page 170, I would have admitted it if he – I would have admitted him if he acknowledged viewing the child pornography, and even that is not within the criminal charge. And, Your Honor, the only thing I will say in response to that, as I see my time is up, is that I don't believe that is the closest she came. I believe the closest she came was Appendix page 96. Appendix 96. 96. No. Where she says – 96. I was asking him what – Line A1. Line 9. The quote – the general idea is that I was asking him whether or not he engaged in that behavior that he was charged with, which is possessing child pornography, and he told me that he did not. So I think ultimately the record as a whole – He told me he never intentionally sought out child pornography for his own use, correct? She does go on. And, again, I think that's inconsistent with the defendant's statements at sentencing. But I think that statement alone, in conjunction with the other references, is enough to show that he was refusing to admit knowing possession. And so I don't think this Court can conclude that the record as a whole – See, the problem – I mean, one problem with what you're saying is that she says whether he engaged in the behavior that he was charged with, but it was clear from all of her explanations of what she asked him and what he answered and what she meant by those words that she views the possession of child pornography as deviant sexual behavior. And if she says to you – if he says to you, do you acknowledge that you engaged in deviant sexual behavior, and you said no, she would understand that to mean you were refusing to acknowledge possession of child pornography because they're one and the same thing. And, Your Honor, I don't think the record is clear enough to be able to say that she did not ask him. But doesn't – shouldn't the record be pretty clear that he – shouldn't the record be pretty clear before imposing an additional prison term on him that he did something wrong? I think it should be, and I think it is. And I think the thing he did wrong was denying the offense conduct. And I think the record as a whole – What the Court found was that he gave an accurate – he denied the defense conduct. He gave an accurate answers in order to avoid being admitted into the program. Correct? Correct. I don't think I – And the record does have – I'm just trying to make sure I'm understanding the record as a whole. There are repeated instances in the record where he – where she testifies that he did precisely that. He told me all along that he's never committed the crime. He was denying that he intentionally sought out any child pornography. He admitted to possibly having the possession, but unintentionally having possession of the images. He did not intentionally seek out the images for sexual purposes. When asked to discuss his deviant behavior that he was planning on taking ownership for, he reported, I don't have any. And that was a substantial basis. Setting the moment – you have to look at them both together, but setting a moment aside what the program required for its parameters of admission and how she expressed them, he repeatedly denied engaging in the offense conduct during the interview, according to her testimony. Am I understanding that correctly? You're understanding that correctly. And, again, I think the question then becomes, does the record as a whole, acknowledging inconsistencies that, Your Honor, Judge LaValle, that you've raised, does it leave this Court with the definite and firm conviction that a mistake has been made? That's the clearly erroneous standard, and I don't think it's been met in this case. Thank you. She was all over the place, as you correctly pointed out in her testimony. But her report, the admission determination screen-out report, which is at 214-215 in the appendix, indicates that Brian was informed in order to meet the criteria for sexual deviant behavior, and he, when asked about the crime and motivation to participate in the treatment, he reported, so you're saying I need to lie to be admitted and further state that there's no state truth to this charge. Can you point out to me in all that type there on page 2? Sure, Your Honor. If you see where there's a circle. The second full paragraph. Right, where the circle is, where it had three-hole punched. Okay. And the no charge is the charge in the district court, correct? I don't – I think in this context, Your Honor, the charge is sexually deviant behavior. That's what she keeps equating, Your Honor. That's not – that would – the district court wouldn't be compelled to read it that way, right? There's no truth to this charge. I mean, she repeatedly says in her testimony, kept saying he was challenging the conviction. Yes, Your Honor, that – she says that, but he also says – Right. Do you have – are you able to answer the question you're going to look for for me, where your client ever admitted possession in the qualifying interviews? Well, Your Honor, she – what I thought was responsive, Your Honor, was on page 101, line 22, where he – she – she's asked, and when you asked him about the offense, what did he say, that he said that he did not intentionally seek out the images for sexual purposes, and that his primary goal was to overturn his charges. Those are the charges in the district court, right? Yes, Your Honor. He is fighting those charges, and he's – and he is stating that that's his concern. I mean, Your Honor, he, you know, fought this tooth and nail, and he spent nine months in jail during these hearings to make sure he got his full record. This is the conclusion to a whole section that starts at A99, where he – she says at the very bottom of the page, line 23, I would say that he admitted to possibly having the possession, but unintentionally having possession of the images. That's the whole – I didn't realize I had possession. That's what she – that's what she said, Your Honor. But, you know, the interview that she was conducting was focusing on his possession for sexually deviant purposes. All right. Let me ask you this, Mr. Tomeo. Yes, Your Honor. Let's assume for a moment that he wouldn't have been admitted to the program unless he – unless he admitted that he had possession for personal sexual gratification. Let me – let me acknowledge that possibility. The first step was your client would have had to admit knowing possession. Then we would have gotten into the reason for his knowing possession. But if he didn't admit knowing possession, if he was denying that, why was the district court in error in finding that he had not in good faith complied with the treatment condition of his supervision? Your Honor, I think if that was the – if that was the reason that she kept him out because he had not admitted that, if he – No, no. Let me ask you why – Let me – listen. Even if that was only step one and he would have had to admit more things, just the fact that he wouldn't admit that, why wasn't the district court able to say, this is not somebody complying in good faith with the condition of treatment? Well, Your Honor, I don't think that you stop at that point. That wasn't the – she was – there was a full assessment here. There was an interview, and the interview went beyond that step. The interview went into was he admitting having a sexual – I would understand that. I'm sorry. I would understand that if he had admitted it. And so he had, you know, taken the first step, and now they wanted him to take three more, and that's why he didn't get in. But where he won't take the first step, why is the district court in error in saying I have someone who's not complying with this condition? Well, Your Honor, I mean, I don't – I'm kind of repeating myself on this. The reason is that that wasn't the condition. In other words, if she had asked him the question that the judge – the way the judge posed it at A109, where he says if he shows up today and he says I looked at this, would you admit him? And he had said no. And at that point, he had denied looking at the images or having the – Is he complying with the treatment now? He's compliant with the program, Your Honor. It's – there's actually a new – we sent it over last night. There's a new judgment that's come down. And there's a different program that – but he is not – there's no violation of him. This was the last notice of violation. He had the first one, which was the first case he had in this court. And then he had the second one a couple of months later, and that's all back in 2016. And as far as I know, in the last four years, there's been – there's a new probation officer, and there hasn't been some of the animosity that went on. Oh, well, you know, then none of that's part of the record here. Well, that's okay. I don't want to go there either, Your Honor. But the point – the point is, Your Honor, that the probation officer did testify in the citations in our brief that she did not want to actually discuss this issue with him because she knew he had the appeal pending and was concerned about affecting his rights, his appellate rights, if he was – if she forced him to admit to something that was inconsistent with the litigation he was otherwise engaged in. However, it was okay for the – for the provider's person to ask the same question, but the – but the probation officer did not try to straighten that out. So it got to be – but it is a situation where he pled guilty to the possession. I believe the record is he admitted to the possession, and he was not admitted because he would not admit it was for a sexually deviant purpose, which the – which the Ms. Coxall equated with sexual arousal. Excuse me. And that would be clearly erroneous, if that's what the record as a whole reads. Yes. Thank you. Thank you both for your arguments. Thank you all. It's extremely helpful.